**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 07-cr-30115-DWD** |
| | ) | |
| **ROGER PERALES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM AND ORDER**

**DUGAN, District Judge:**

On October 19, 2007, Defendant Roger Perales pleaded guilty to one count of possession of a weapon by an inmate in violation of 18 U.S.C. § 1791(a)(2) and (b)(3) (Doc. 12).  Defendant was sentenced to a term of imprisonment of 37 months to run consecutive to his underlying 240-month sentence in the Northern District of Iowa which he was serving when he committed the offense in this matter (Doc. 19; Doc. 23; Doc. 29). Defendant's projected release date is December 30, 2025 (Doc. 27; Doc. 29).  Now before the Court is Defendant's motion for compassionate release (Doc. 27).  Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), asking this Court to reduce his sentence to time served.  The Government opposes the motion (Doc. 29), and Defendant filed a reply (Doc. 30).  For the following reasons, the motion will be denied.

**The First Step Act of 2018**

Compassionate release long has been an exception to the general rule that sentences imposed in criminal cases are final and may not be modified. Prior to the

1

passage of the First Step Act, a defendant seeking compassionate release first had to request it through the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). The First Step Act of 2018 modified that provision to allow incarcerated defendants to seek compassionate release from a court on their own motion, provided that they exhaust administrative rights prior to seeking relief in the courts. The Seventh Circuit has held that failure to satisfy the exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A) is an affirmative defense that must be raised by the Government or else it is waived. *See United States v. Sanford*, 986 F.3d 779, 781 (7th Cir. 2021); *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020). Here, the Government does not challenge Defendant's exhaustion efforts (*See* Doc. 29) and therefore waives any argument concerning the same.

After a compassionate release motion is filed, the Court may reduce the term of imprisonment upon a finding that "extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). If such reasons exist, the Court must consider the sentencing factors in 18 U.S.C. § 3553(a). The defendant bears the burden of showing that he is entitled to relief under the First Step Act. *See United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Where a motion is brought by the defendant, the Court may consider the Sentencing Commission's policy statements but is not bound by them. *Gunn*, 980 F.3d at 1180. This "working definition of 'extraordinary and compelling reasons'" includes circumstances surrounding the medical condition of the defendant, the age of the defendant, and family circumstances. *Id.* (citing U.S.S.G. 1B1.13 and its Application

Notes).  Of course, the Court is not constrained by the policy statement and Application Notes in U.S.S.G. 1B1.13; the Court merely uses the working definition to assist in exercising its discretion.  *See Gunn*, 980 F.3d at 1180.

## Discussion

Perales argues that extraordinary and compelling reasons exist for his release due to the Covid-19 pandemic (Doc. 27).  Perales asserts that he has numerous medical conditions, including Hepatitis C, unrepaired hernias, and severe depression (Doc. 27). Perales does not appear to argue that his medical conditions are increasing his susceptibility to complications from Covid-19, but instead, Perales asserts that he is receiving insufficient medical treatment because of the Covid-19 pandemic and related staff shortages at FCI Pekin, where he is currently incarcerated.[1]  Perales also represents that he has previously contracted the Covid-19 virus[2] and is afraid of the  long-term effects from further exposure to the virus by prison staff and congregative living (Doc. 30).  Accordingly, Perales seeks compassionate release in order to receive "proper healthcare and mental health services" which would be more effective and widely available if he were released and to avoid contracting the virus again (Doc. 27).

Preliminarily, the Court observes that Perales' arguments concerning his deficient medical care are more appropriately raised through a civil litigation action and not in this motion for compassionate release.  *See, e.g., Graham v. Broglin*, 922 F.2d 379, 380-81 (7th

---

[1] *See Find an Inmate*, Federal Bureau of Prisons ("BOP"), https://www.bop.gov/inmateloc (last accessed March 31, 2022).

[2] *See* Doc. 29-1 which contains Defendant's medical records and confirmation of his prior contraction of Covid-19.

Cir. 1991) (civil rights litigation is the proper remedy for conditions of confinement challenges). Nevertheless, Perales does not otherwise satisfy any of the factual predicates listed by the Sentencing Commission as constituting "extraordinary and compelling reasons" justifying compassionate release. Specifically, he has not established that he is suffering from a terminal illness or other condition from which he is not expected to recover, he is under 65 years old, and he does not indicate any death or incapacitation in his immediate family.

However, in the unusual circumstances of the COVID-19 pandemic, courts have been willing to look beyond the enumerated list of extraordinary and compelling reasons listed by the Sentencing Commission, particularly where underlying medical conditions and other risk factors make defendants particularly susceptible to COVID-19. Here, Perales does appear to have certain health problems and risk factors which might increase his vulnerability to COVID-19. According to the Centers for Disease Control ("CDC"), persons with chronic liver diseases, such as hepatitis, and mental health issues, such as depression, may make a person more likely to get severely ill from COVID-19.[3] Yet, even accepting that the cumulative effect of Defendant's medical conditions may increase his risk of severe adverse reactions to a COVID-19 infection, the record does not support finding that a risk of infection and adverse consequences present an extraordinary and compelling reason for immediate release at this time.

---

[3] *See Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed March 31, 2022).

Perales is currently incarcerated at FCI Pekin. FCI Pekin currently has zero inmates and zero staff members who have tested positive for COVID-19.[4] Further, no inmates or staff members have died from COVID-19, and 846 inmates and 115 staff members have recovered from an infection at FCI Pekin. *Id.* Additionally, the Bureau of Prisons has implemented a Modified Operations Plan to combat the spread of COVID-19 in all of its facilities.[5] FCI Pekin is currently operating at an Operational Level 1 indicating that its medical isolation rate is less than 2%, its facility vaccination rate is greater than or equal to 65%, and the community transmission rate is less than 50 per 100,000 over the last 7 days.[6] Thus, the risk of contracting COVID-19 at FCI Pekin currently is extremely low, as there are no active infections in the inmate population.

Even if the rates of COVID-19 transmission were to escalate, Perales has received a vaccine that is reported to be extremely effective at preventing hospitalization and death (*see* Doc. 29-2) (confirming Defendant's receipt of the Moderna vaccine)[7]; *see also United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for" immediate release."). Under these facts, the Court finds that COVID-19 combined with Defendant's health conditions

---

[4] *See Coronavirus*, BOP, https://www.bop.gov/coronavirus (last accessed March 31, 2022).
[5] The BOP's Modified Operations Plan is available at
https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp (last accessed December 3, 2021).
[6] *See* https://www.bop.gov/locations/institutions/pek/ (last accessed March 31, 2022).
[7] *See Questions about Moderna COVID-19 Vaccine*, CDC, https://www.cdc.gov/vaccines/covid-19/info-by-product/moderna/moderna-faqs.html (last accessed March 31, 2022).

and the situation at FCI Pekin do not constitute extraordinary and compelling reasons for a sentence reduction.

Because extraordinary and compelling reasons for a reduction do not exist, the Court need not weigh the sentencing factors under the § 3553(a) factors. Nevertheless, the Government also argues that the factors in § 3553(a) weigh against Defendant's early release. The United States has pointed to significant evidence that Perales poses a danger to other persons. Specifically, the Government relies on Defendant's criminal history and disciplinary infractions while he has been incarcerated (*See* Doc. 29, Doc. 29-3). The BOP has further placed him at a medium risk of recidivism (Doc. 29-4). Defendant's criminal history includes multiple violent charges, including at least three charges for assault, and one of sexual abuse of a minor (*See* Doc. 20, ¶¶ 22-29). While incarcerated, Perales further committed two violations for fighting another person, in addition to the instant offense in this matter involving his wielding of a weapon while incarcerated (Doc. 29-3). Accordingly, the Court is not convinced that any extraordinary and compelling reason would outweigh the sentencing factors in 18 U.S.C. § 3553(a), and particularly the need to adequately deter Perales and others from committing further crimes and to protect the public. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) ("Because of the importance of the § 3553(a) factors, courts are not compelled to release every prisoner with extraordinary and compelling health concerns.").

In sum, considering the totality of the record before the Court, Defendant's sentence remains necessary to reflect the seriousness of his offense, to promote respect for the law, to provide just punishment, to adequately deter Defendant and others from

committing further crimes, and to protect the public.  Under these facts, compassionate release is not appropriate.

### Conclusion

Defendant's Motion for Compassionate Release (Doc. 27) is therefore **DENIED**.

**SO ORDERED.**

Dated: April 4, 2022

_____
DAVID W. DUGAN
United States District Judge